UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANGEL RUBIO,

                    Plaintiff,              03-CV-1349 (SJ)(KAM)

   - against -                           MEMORANDUM and
                                                 ORDER

CITY OF NEW YORK, POLICE OFFICERS,
DARIN PAPEO, SHIELD #13812, VARGAS,
TAX REG #900114, "WINGATE" or
"WESTGATE," DETECTIVES TERRY BRAUN
and CHIOFALO and UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS,

                    Defendants.
------------------------------------------------------------x

A P P E A R A N C E S:

CHEDA & SHEEHAN
76-03 Roosevelt Avenue
Jackson Heights, NY 11372
By:   Thomas C. Sheehan
Attorney for Plaintiff

THE CITY OF NEW YORK
LAW DEPARTMENT
Office of Corporation Counsel
100 Church Street
New York, NY 10007
By:   Susan P. Scharfstein
Attorney for Defendants


JOHNSON, Senior District Judge:
      Subsequent to filing a motion for summary judgment that Plaintiff failed to

1

oppose,[1] Defendants moved for sanctions against Thomas G. Sheehan ("Sheehan"), Plaintiff's counsel, pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers to supervise its docket, see Palmieri v. Defaria et al., 88 F.3d 136, 140 (2d Cir. 1996), on the grounds that Sheehan: (1) "unreasonably expanded the proceedings in this action so as to impose unnecessary costs to the City of New York" (Scharfstein Ltr. dated 4/29/05 at 1); (2) "fail[ed] to investigate the allegations of the [C]omplaint before filing suit" (id.); and (3) "pursu[ed] [] meritless claims under the governing case law . . . and subsequent[ly] fail[ed] and refus[ed] to withdraw those claims in response to [D]efendants' 'safe harbor' letter and evidence gathered in discovery that cast doubt on [P]laintiff's claims." (Id.) Defendants seek $25,006.44, including $22,850.10 in attorneys' fees and $2,156.34 in costs. (Id. at 3.) For the reasons explained below, Defendants' motion is GRANTED and sanctions are assessed against Plaintiff in the amount of $25,006.44.

## BACKGROUND

The underlying facts and posture of the above-captioned matter are set forth in the Court's Memorandum and Order issued on April 22, 2005 ("April 22nd Order"), granting Defendants' unopposed motion for summary judgment and dismissing Plaintiff's Complaint in its entirety, and therefore they will not be repeated herein.

---

[1] The Court reserved judgment on Defendants' motion for sanctions until after it adjudicated the summary judgment motion.

On March 14, 2005, Defendants moved for sanctions against Sheehan. Counsel did not submit any response to that motion. Notwithstanding Sheehan's failure to oppose or otherwise respond to Defendants' motion for sanctions, on April 28, 2002, the Court ordered a hearing regarding Defendants' sanctions at which counsel for both parties appeared. At the May 6, 2005 hearing, Sheehan attempted to argue the merits of the summary judgment motion (see Tr. at 2-3) but offered no reason for his failure to oppose it and no explanation of why he should not be sanctioned. According to Sheehan, he did not respond to the instant sanctions motion because "several things ha[d] come up and I've just been unable to respond to date . . . . it's just basically a question of time."[2] (Tr. at 3.)[3] Yet, Sheehan never notified Chambers of his intent to respond to Defendants' motion nor did he request an enlargement of time to do so. At the sanctions hearing, Sheehan sought permission from the Court to go off the record; that application was opposed by Defendants' counsel and rejected by the Court. (Id. at 4.)

## DISCUSSION

I. **Standards of Review**

A. *Rule 11 of the Federal Rules of Civil Procedure*

"A pleading, motion, or other paper violates Rule 11 either when it has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is

---

[2] The Court simply cannot fathom what could have taken precedence, for a period of almost two months, over Defendants' request that he be sanctioned for such a large sum of money.

[3] References are to the transcript of the minute proceedings held on May 6, 2005.

3

warranted by existing law or a good faith basis argument for the extension, modification or reversal of existing law." U.S. v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1344 (2d Cir. 1991); accord Guarary v. United Diagnostics, Inc. 534 U.S. 826 (2001). Thus, "[a] pleading, motion or paper violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." Wechsler v. Hunt Health Sys, Ltd., 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002). In deciding the merits of a Rule 11 motion for sanctions, a district court will apply an objective standard of reasonableness, id. at 1344, "focusing on the situation existing when the paper was signed" rather than on hindsight. (Id.) The district court's assessment of whether Rule 11 sanctions is based on "whether the attorney has abused the judicial process" as opposed to the merits of the underlying action. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). A district court *must* impose sanctions if it determines that the rule has, in fact, been violated. Id.

"[T]he sanction may consist of . . . if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. Pro. 11(c)(2). The Second Circuit Court of Appeals has made clear that, "[t]he particular sanction fashioned may reflect, *inter alia*, the need to reimburse the party against whom the offending papers have been interposed, or it may take on a more punitive hue to deter further abuses." Id. (internal citations omitted).

P-049

### B.  *28 U.S.C. § 1927*

Congress has provided that, "any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Second Circuit has held that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Olivieri v. Thompson, 803 F.2d 1265, 1274 (2d Cir. 1986). Unlike Rule 11, § 1927 violations "do not hinge on the presence of a paper . . . . and invites attention to a course of conduct." Int'l Bhd. of Teamsters, 948 F.2d at 1346. In addition, whereas "Rule 11 requires only a showing of objective unreasonableness, § 1927 requires subjective bad faith by counsel." Id.

### C.  *District Court's Inherent Power*

District courts are authorized under their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," Chambers v. Nasco, Inc., 501 U.S. 32 (1991), "to assess costs and attorneys' fees against either the client or his attorney where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Int'l Bhd. of Teamsters, 948 F.2d at 1345 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975). The Supreme Court has provided that sanctions imposed under a court's inherent power "depend[] not on which

5

party wins the lawsuit, but on how the parties conduct themselves during the litigation." Chambers, 501 U.S. at 53. "As with § 1927, sanctions imposed under a court's inherent power must be predicated by a clear demonstration of bad faith." Int'l Bhd. of Teamsters, 948 F.2d at 1347.

With these differing standards in mind, the Court will now evaluate the merits of the instant motion for sanctions separately under each authority.

II. **Objective Reasonableness Inquiry under Rule 11**

Defendants argue that Sheehan violated Rule 11(b)(2) when he advanced claims that lacked any factual foundation or evidentiary support and that were legally frivolous. Therefore Plaintiff's Complaint, signed by Sheehan on March 19, 2003, is the applicable document for Rule 11 purposes. See Int'l Bhd. of Teamsters, 948 F.2d at 1346 ("A Rule 11 violation must be based on signed pleadings, motions, or other papers."); accord F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1268 (2d Cir. 1987). Upon examination of the information available to Sheehan at the time he signed the Complaint, the Court finds that it was objectively unreasonable for Sheehan to sign and submit the Complaint because it was neither "well grounded in fact" nor "warranted by existing law or a good faith basis argument for the extension, modification or reversal of existing law." See Int'l Bhd. of Teamsters, 948 F.2d at 1344.[4]

As Defendants have noted, "[t]he medical records, witness statements, and other

---

[4] The Court's April 22nd Order sets forth precisely why the causes of action alleged in Plaintiff's Complaint were wholly lacking in merit.

6

P-049

underlying documents were available to [P]laintiff's counsel before he filed this action." (Scharfstein Ltr. dated 4/29/05 at 2.) All of those documents undermine several of the causes of action alleged in Plaintiff's Complaint, including an alleged illegal entry and search, injury to Plaintiff's wrists, and all of Plaintiff's claims asserted against defendants Daniel Wingate and City of New York.[5] Thus, it is clear that Sheehan failed to adequately investigate those factual allegations before filing suit since such allegations would not have lead to legally cognizable or prevailing claims. It is also apparent that Sheehan's filing of those frivolous claims caused Defendants to incur unnecessary litigation-related costs. Accordingly, Sheehan is sanctionable on this basis alone and therefore Defendants' motion for Rule 11 sanctions is GRANTED. See Fed.R.Civ.P. 11(c)(1)(A); Safe-Strap, 270 F. Supp. 2d at 417 ("The purpose behind Rule 11 is to deter abusive litigation tactics by imposing an affirmative duty to conduct a reasonable inquiry into the factual and legal liability of claims.") (internal quotations omitted); MAI Photo News Agency, Inc. v. American Broadcasting Co., Inc., 59 U.S.P.Q.2d 1250, 1256 (S.D.N.Y. 2001).

III. **Subjective Bad Faith Inquiry under § 1927 and the Court's Inherent Power**

While its previous decision under Rule 11 renders it unnecessary to undertake additional analyses under § 1927 and the Court's inherent power, the Court opines that the

---

[5] Plaintiff's wife testified that the police officers did not enter her home (Scharfstein Ltr. dated 3/14/05, Ex. N at 14-15, 23-25); with respect to the asserted Monell claim against defendant City of New York, the Complaint alleged only a single incident of misconduct rather than any pattern or practice (and notably Sheehan did not undertake any discovery with respect to an alleged policy, custom, or practice of the City of New York); and regarding the excessive force claim against police officer David Wingate, Plaintiff testified at his deposition, "I'm not claiming [Wingate] hurt me at all. On the contrary he helped me." (Id., Ex. S at 189-90.)

7

P-049

particular circumstances of this case call for further examination. Section 1927 applies to a "continuing course of conduct, and imposes a continuing obligation on attorneys to avoid dilatory tactics." Int'l Bhd. of Teamsters, 948 F.2d at 1346. Where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," a district court is authorized to impose sanctions based on its inherent powers. Alyeska Pipeline Serv. Co., 421 U.S. at 258-59.

Before filing the Complaint in this action, Sheehan either knew or should have known, as the deposition testimonies of Plaintiff and his wife made clear, that: (1) no police officer entered or searched Plaintiff's home (Scharfstein Ltr. dated 3/14/05 Ex. N at 14-15, 23-25); (2) Plaintiff himself did not attribute any injury to defendant Daniel Wingate (id., Ex. S at 189-90); and (3) Plaintiff himself did not claim any injury to his wrists. (Id., Ex. T at 200.) Whereas Sheehan identified Plaintiff's children in discovery as witnesses to the alleged unlawful entry and search and facilitated their depositions, the children's deposition testimony made clear that neither of them witnessed the alleged unlawful entry or search. "Although [P]laintiff conceded the claim alleging illegal entry at the May 18, 2004 settlement conference [before Magistrate Judge Roanne Mann], he did not withdraw that claim before [D]efendants conducted the depositions of [P]laintiff's children, Anais Rubio and Yssatiz Rubio, both of whom testified that they waited outside in a car while police entered the building with their mother." (Scharfstein Ltr. dated 3/14/05 at 6 (citing Ex. O at 8-12; Ex. P. at 7, 10-11).) Counsel knowingly caused Defendants to engage in unnecessary depositions and motion practice on those issues.

8

Even after Defendants sent Sheehan a "safe harbor" letter demonstrating the meritlessness of certain claims, he failed to withdraw those claims within the requisite twenty-one day period. Therefore, the Court agrees with Defendants that "[t]he failure of counsel to submit papers in opposition to [D]efendant's [summary judgment] motion underscores that Mr. Sheehan did not have a good faith basis for asserting [P]laintiff's claims or a reasonable belief that [P]laintiff might prevail at trial." (Id.) Accordingly, the Court now finds that the filing of such frivolous claims and failure to withdraw them before Defendants incurred unnecessary costs constitutes bad faith by Sheehan.

An additional demonstration of Sheehan's bad faith conduct throughout the course of the instant litigation is his failure to inform Plaintiff of the City's settlement offer dating back to April 2003. (See Scharfstein Ltr. dated March 14, 2005 at 3-4 (citing Pl.'s Dep. dated Mar. 31, 2004 wherein Plaintiff stated that his counsel never informed him that Defendants offered to settle).)

The record in this matter is replete with sanctionable conduct by Sheehan, including his failure to attend scheduled court conferences, to confer with defense counsel, and to timely respond to Defendants' discovery requests. On June 17, 2003, Magistrate Judge Roanne Mann warned Sheehan of "severe sanctions" for failure to timely provide a NYCPL § 160.50 release. Sheehan was also over two hours late to the initial conference on September 2, 2003. On December 18, 2003, the Magistrate Judge issued an order to show cause regarding Sheehan's failure to confer with defense counsel about a discovery matter. On January 27, 2004, Sheehan was ordered to appear in person to show cause why

9

he should not be sanctioned after he failed to comply with a court-ordered discovery deadline and to respond to telephone calls from the Court. On May 2, 2004, Magistrate Judge Mann issued a third such order to show cause after Sheehan failed to attend a court-ordered settlement conference without notification to the Court, and ordered Sheehan's appearance at the rescheduled conference.

In addition, the above-captioned matter is the second case this year over which this Court presided where Sheehan has failed to oppose summary judgment; the first such case was <u>Stefanopolous v. City of New York</u>, No. 01-CV-0771, in which defendants' summary judgment motion was granted in its entirety. Mr. Sheehan's history of similar bad faith conduct in other § 1983 cases has been noted by other courts in the Eastern and Southern Districts of New York and Defendants' motion for sanctions cites to ten relatively recent cases, including six in the "last quarter of 2004 alone," in which Sheehan was sanctioned for similar abuses as those in the present litigation. (<u>See</u> Scharfstein Ltr. Dated March 14, 2005 at 7-9; <u>see also</u> Scharfstein Ltr. dated Apr. 29, 2005 at 2-3.) Yet despite the numerous sanction awards against him, Mr. Sheehan has not been deterred from abusing the legal system. Accordingly, the Court finds that heavy sanctions are warranted under § 1927 and the Court's inherent power, as well as under Rule 11.

## CONCLUSION

For the reasons stated herein, Defendants' motion for sanctions pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent power is GRANTED. The Clerk of Court is directed to enter a final judgment against Thomas G. Sheehan, Plaintiff's counsel, in the

10

P-049

amount of $25,006.44, as full reimbursement of the City's attorneys' fees and litigation

costs in this matter.

SO ORDERED.

_____
Senior U.S.D.J.

Dated: May 31, 2005
       Brooklyn, NY